IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                        No. 07-10010-JTM

RENWICK BUTLER,
    Defendant.

MEMORANDUM AND ORDER

Defendant Renwick Butler pled guilty to possessing crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On June 2, 2009, the court sentenced defendant to a term of imprisonment of 84 months. (Dkt. 20). The court denied motions by Butler to reduce his sentence in 2010 and in 2012.

The matter is now before the court on two *pro se* motions to dismiss the Indictment filed by Butler, both of which invoke his right to a speedy trial under the Sixth Amendment. (Dkt. 31, 32). Butler states that he suffered "oppressive pretrail [sic] incarceration" which caused him "anxiety and concern about the impending trial," he is "delaying my hip replacement surgery," mentions in passing the First Step Act, and complains that an alibi witness "is no where to be found." (Dkt. 31, at 2).

The court denies the defendant's motions, which are in effect attacks on his conviction and sentence and thus properly construed for relief under 28 U.S.C. § 2255. The Indictment was filed on January 10, 2007, and Butler petitioned the court to enter a plea of guilty on March 9, 2009. (Dkt. 15). His plea agreement waived any right of appeal or collateral attack. (Dkt. 16).

First, the motion is time-barred. The court entered Judgment nearly ten years before the present motions. Normally, a request for relief under § 2255 must be made within one year of when the conviction is final. 28 U.S.C. § 2255(f). The statute provides some exceptions to this rule, but none of these is applicable here. There was no impediment put in place in violation of the Constitution which prevented defendant from seeking timely relief, defendant cites no new right which has been recognized Supreme Court which has been made retroactive to cases on collateral review, and he presents no facts which could not have been previously discovered with due diligence. Defendant simply contradicts, without plausible explanation, his previous voluntary and open plea. These claims are untimely.

Even assuming the motion was timely, the claims now asserted were waived by the defendant. When he entered his Plea Agreement, defendant explicitly admitted to knowingly committing these offenses, and to being guilty of them. The defendant freely and voluntarily waived his right to collaterally attack the conviction.

The court finds no reason why the waiver in the Plea Agreement should not be enforced. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (setting

standards for enforcement). Here, the defendant's present collateral claims fall squarely within the scope of the waiver rights. As noted above, the final sentence was within the range contemplated by the Plea Agreement, and defendant agreed the final sentence would be imposed by the court, based upon its own assessment of the case, and that he would not challenge this assessment. Defendant freely and voluntarily agreed to waive collateral challenges to the sentence imposed.

Second, the court finds that defendant's waiver was knowing and voluntary. As indicated above, the waiver provision in the Plea Agreement is plain and obvious. Defendant agreed that he had discussed the case, the evidence and the plea with his attorney. Based upon the Petition, the Agreement, and the plea colloquy between the court and the defendant, it is clearly established that the defendant fully understood the consequences of his Agreement.

Third, no manifest injustice arises from enforcement of the waiver. Factors which might establish such injustice, *see Hahn*, 359 F.3d at 1327, are entirely absent. The waiver was otherwise lawful, the sentence did not exceed the statutory maximum, and defendant's race played no role in the sentencing. Nor was counsel ineffective in the plea negotiations. The court is aware of the high professionalism and expertise of counsel, was able to directly observe the performance of counsel, and directly interacted with defendant as to the free and knowing nature of his plea. Notwithstanding his present assertions, the court finds that the defendant understood what was happening and why, knew his rights of his trial and appeal, and the effect of a waiver. But he also

knew there was strong evidence against him, and there were advantages to pleading guilty. Counsel secured for the defendant good and valuable benefits by the plea negotiations, under which the government dismissed additional charges against him. Enforcement of a waiver to which defendant freely agreed is no miscarriage of justice.

IT IS ACCORDINGLY ORDERED this day of February, 2020, that the defendant's Motions to Dismiss Indictment (Dkt. 31, 32) are denied.


*J. Thomas Marten*
J. Thomas Marten, Judge