IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                No. 07-10010-1-JTM

RENWICK BUTLER,
    Defendant.

MEMORANDUM AND ORDER

Defendant Renwick Butler pled guilty to possessing crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On June 2, 2009, the court sentenced defendant to a term of imprisonment of 84 months. (Dkt. 20).[1] The matter is now before the court following the Clerk of the Court's receipt of a letter from Butler. Upon inquiry from the Clerk, the court determined that Butler's letter should be interpreted as a motion for relief, so that the matter might be expressly resolved on the record.

Defendant's letter makes nothing in the way of what might be considered an argument in favor of any particular relief. He states only:

> I AM STILL ALLEDGING A VIOLATION OF MY 6TH AMENDMENT RIGHTS WITH REGARD TO A SPEEDY TRIAL, AND WOULD LIKE TO KNOW WHAT MY SPECIFIC CHARGES ARE?

He also adds at the bottom of the page:

> p.s. MAY I GET A COURT DATE?

---

[1] The sentence was later reduced to 70 months following a Guideline amendment. (Dkt. 25). On two other occasions, the court denied the defendant's motions to reduce or modify his sentence. (Dkt. 23, 27).

To the extent the letter might be considered a motion, it is hereby denied. The court expressly addressed Butler's Speedy Trial argument in its Order of February 7, 2020. In that Order, the court denied two separate *pro se* motions to dismiss the Indictment based on the allegedly prejudicial effect of a delay in the prosecution. First, the court determined that the motions, filed many years after Butler's conviction, were time-barred by 28 U.S.C. § 2255(f). Second, the court found that Butler knowingly and voluntarily waived his right to attack the conviction in his Plea Agreement. "Enforcement of a waiver to which defendant freely agreed is no miscarriage of justice," the court determined. (Dkt. 33, at 4).

Defendant's letter offers no reason to conclude the February 7 Order was incorrect in any respect. The court denies defendant's request for a hearing or for additional information, as these would relate solely to his previously-rejected Speedy Trial claim. Future communications by the defendant which seek similar relief on similar grounds will be summarily resolved by reference to this Order and the Order of February 7, 2020.

IT IS SO ORDERED this day of October, 2020, that the defendant's Motion for Relief (Dkt. 34) is hereby denied.

*J. Thomas Marten*
J. Thomas Marten, Judge